## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cr-00383-SRB |
| | ) | |
| RODERICK BROADUS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Roderick Broadus' Motion for District Court Review of Detention Order. (Doc. #14). Upon independent review of the record and the parties' briefing in connection with the motion, Defendant's motion is DENIED.

### I.      Background

On December 4, 2015, Defendant was arrested on the charge of knowingly possessing firearms after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Also on December 4, 2015, the Government moved to detain the Defendant pending trial. After a hearing on December 9, Magistrate Judge Larson granted the Government's motion and entered a Detention Order based on a finding "by clear and convincing evidence that defendant poses a danger to the community and that no single condition of release or combination of conditions of release will reasonably assure the safety of the community." (Doc. #10, p. 1). By his motion Defendant asks this Court to revoke Magistrate Judge Larson's Detention Order and set bond.

At the detention hearing the parties stipulated that Judge Larson could consider the information in the Pretrial Services Report of Pretrial Services Officer Penney Hodges as the

testimony she would give if called as a witness. Judge Larson took judicial notice of the record of the preliminary hearing. No other evidence was offered by either party, but the parties presented argument in favor of their respective positions. Judge Larson then entered several Findings of Fact before concluding that Defendant should be detained. (Doc. #10, pp. 2-5). After detailing Defendant's criminal history, which includes multiple felony convictions, one of which occurred while on supervised release, Judge Larson concluded:

> I find by clear and convincing evidence that no single condition of release or combination of conditions of release will reasonably assure the safety of the community. Defendant is charged with possessing multiple firearms after having been convicted of a felony. His criminal history includes multiple felony convictions, weapons possession and assaultive behavior. He has a history of poor performance while on release including drug use and new law violations. He has a history of illegal drug use and alcohol abuse but denied having any problematic issues with those substances when questioned by Pretrial Services.

(Doc. #10, p. 5).

In asking this Court to revoke the Detention Order, Defendant does not challenge Judge Larson's factual findings. Rather, Defendant argues, "[T]he court gave undue weight to [Defendant's] criminal history and history of drug and alcohol use. And the court failed to properly consider his prior history of positive performance on pretrial release." (Doc. #14, ¶6). The Government opposes Defendant's motion arguing that Defendant "provides no new material information that would recommend reconsideration of his detention[,]" and Defendant's motion should be denied.

## II.    Legal Standard

Defendant's motion to revoke is made pursuant to 18 U.S.C. § 3145(b), which requires the Court to engage in a de novo review and issue its ruling "promptly." *United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 2015); 18 U.S.C. § 3145(b). Pursuant to 18 U.S.C. § 3142(e), a

Case 4:15-cr-00383-SRB   Document 20   Filed 01/12/16   Page 2 of 4

defendant shall be detained pending trial if, "after a hearing pursuant to the provisions of subsection (f) . . ., the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"  "The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning – (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled  . . . firearm[;] (2) the weight of the evidence against the person; (3) the history and characteristics of the person, . . . and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 1342(g).  "'Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under [18 U.S.C. § 3142] subsection (c) will *reasonably assure* the defendant's appearance can a defendant be detained before trial.'"  *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc) (internal footnotes omitted)).

## III.    Discussion

Considering the facts in this case in the context of the legal standard, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released.  The nature of the offense involves a firearm, and the weight of the evidence as outlined in the Detention Order – unchallenged by Defendant in connection with this motion – is strong.  Defendant's criminal history is lengthy and includes multiple felony convictions, one of which occurred while Defendant was on

3

supervised release and all of which involved firearms or assaultive behavior. Defendant also has a long history of alcohol and substance abuse. The seriousness of the danger to the community is such that detention is warranted. Finally, the Court finds that Defendant's "history of positive performance on pretrial release[,]" which he argues Judge Larson failed to properly consider, is not sufficient to overcome the factors compelling detention.

**IV.      Conclusion**

For the foregoing reasons, Defendant Roderick Broadus' Motion for District Court Review of Detention Order (Doc. #14) is DENIED. Defendant is detained without bail and all other orders stated in the Detention Order remain in effect.

**IT IS SO ORDERED.**

DATED: <u>January 12, 2015</u>                    <u>/s/ Stephen R. Bough</u>
                                                            JUDGE STEPHEN R. BOUGH
                                                            UNITED STATES DISTRICT COURT